# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| AIRSPACE SYSTEMS, INC., | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION 1:24-CV-01625-CMH-LRV |
| v. | § | |
| | § | |
| AXON ENTERPRISE, INC., and | § | JURY TRIAL DEMANDED |
| DEDRONE HOLDINGS, INC., | § | |
| *Defendants*. | § | |
| | § | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE A SUR-REPLY BRIEF**

In a last-ditch effort to save its patents, Airspace seeks leave for a re-do of its opposition brief. Airspace argues it needs a sur-reply because of alleged "new arguments" in Defendants' reply brief. But neither of the identified alleged "new" arguments are new; they were either made in the opening brief (and Airspace failed to respond to them) or were made in rebuttal. Airspace also advances arguments that it does not even attempt to justify as warranted in its proposed sur-reply. As courts in this District have explained, "[s]ur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on the matter." *Lismont v. Alexander Binzel Corp.*, No. 2:12-CV-592, 2013 WL 12098260, at *3 (E.D. Va. June 6, 2013) (internal quotation and citation omitted); *see also Dillard v. Kolongo*, No. 1:16-CV-1060, 2017 WL 2312988, at *6 (E.D. Va. May 15, 2017) ("[W]here a party seeks merely to re-open briefing on issues previously raised, a sur-reply should not be allowed." (citation omitted)). The Court should deny Airspace's attempt to get the last word on Defendants' Motion to Dismiss.

I. **AIRSPACE'S MOTION SHOULD BE DENIED FOR THE '959 PATENT BECAUSE DEFENDANTS DID NOT MAKE ANY NEW ARGUMENTS FOR THAT PATENT**

Airspace's proposed sur-reply states Defendants made two "new" arguments for the '959 Patent. *See* Dkt. 34-2 at 1-2. Airspace, however, never explains, let alone establishes, why those arguments are new. This alone should warrant denial of Airspace's Motion. But, in any event, neither of the two arguments was new.

*First*, Airspace alleges Defendants "newly argue that the transmission of unique ID through trusted two-way communication is akin to using a callsign." Doc. 34-2 at 1-2. This is not a new argument. Defendants analogized Claim 21 to the longstanding human practice of using a call sign *twice* in their opening memorandum. *See* Doc. 18 at 1 ("People have long used unique sequences of letters or numbers to communicate identification information . . . (e.g., . . . ***pilots using call signs*** or tail numbers)."), at 10 ("In the vehicle context, since the beginning of aviation, pilots have

communicated identification information using the aircraft's identification information or a ***call sign***."). Defendants' reply even pointed out that Airspace failed to address this analogy and cited back to the Motion where Defendants made the analogy. Doc. 33 at 2 ("Airspace does not deny that pilots for ages have communicated identification information, such as their aircraft identification or call sign, over the radio. ***Doc. 18 at 10 (making analogy); Doc. 32 at 5-9 (failing to dispute)***." (emphasis added)). Airspace should not be given a sur-reply just because it wishes it would have responded to Defendants' analogy in its opposition.

*Second*, Airspace contends Defendants made a new argument that Claim 21 "says nothing about establish[ing] two-way communication using a secure identifier . . . ." *See* Doc. 34-2 at 2. This argument it is not a new argument because it was made in rebuttal to Airspace's opposition. *See* Doc. 33 at 5. "It is well-established that when the arguments made by a party in their reply brief are merely responses to new arguments made by a party in their response, a sur-reply is not appropriate." *Gibbs v. Plain Green, LLC*, No. 3:17-CV-495, 2017 WL 7693141, at *1, *3 (E.D. Va. Oct. 31, 2017). .

A short review of Airspace's arguments in its opposition and proposed sur-reply highlight Airspace's improper attempt to raise an argument in its opposition and then use that as an excuse to submit a sur-reply. In its opposition (as noted in Defendants' reply), Airspace argues that Claim 21 is not functional because it identifies a "specific manner in which the two-way communication is established." Doc. 32 at 10 (quoted in Doc. 33 at 5). Defendants' reply already explained how Airspace's relied-upon concepts were not in the claim—a problem that existed throughout Airspace's opposition. *See* Doc. 33 at 5. And this problem continues in Airspace's sur-reply even worse than before. Airspace says Claim 21 "**literally**" recites that a radio communication module "is configured to utilize a secure identifier . . . for two way-communication with a remote . . .

2

system." Doc. 34-2 at 2 (emphasis in original). Airspace's ellipsis of the "**literal[]**" claim language is telling. With the ellipsis removed, the actual claim language says the "radio communication module is configured to utilize a secure identifier, and the radio communication module is configured for two-way communication." Those are two separately-recited functions, and there is no detail on *how* to "utilize a secure identifier"—certainly not the detail Airspace wishes were in the claim.

For the remaining portions of Airspace's sur-reply that address the '959 Patent, Airspace does not even attempt to justify them as being responsive to any new arguments in the reply. *Id.* at 1-2. These arguments thus should be disregarded.[1]

Because neither of the two arguments that Airspace points to is "new," and the remainder of the arguments are not based on anything allegedly new, the Court should deny Airspace's Motion as to the '959 Patent.

II. **AIRSPACE'S MOTION SHOULD BE DENIED FOR THE '199 AND '711 PATENTS BECAUSE AIRSPACE DOES NOT EVEN IDENTIFY ANY NEW ARGUMENTS FOR THOSE PATENTS**

Having moved the Court for leave based on "new" arguments, Airspace's sur-reply does not even identify a single supposedly new argument it is addressing for the '199 and '711 Patents. Rather than identify any allegedly "new" arguments, Airspace leverages its filing to make points that it failed to make in its opposition brief. Airspace's attempt at a re-do of its opposition brief for these patents should be rejected.

---

[1] Airspace's assertion that there is a factual dispute over whether "utilizing a secure identifier" is an inventive concept is beside the point. Defendants explained that it cannot qualify as an inventive concept *as a matter of law* because it is part of the abstract idea itself and functionally recited. Doc. 33 at 8-10. Not to mention, Airspace's own admission that a "secure identifier" is a generic "security protocol" that humans have used for ages. *Id.* at 9-10.

3

### III. AIRSPACE'S OPPOSITION NEVER RAISED A NEED FOR CLAIM CONSTRUCTION

Airspace's reference to a purportedly new claim construction argument for the '199 Patent reveals Airspace's true intent: to try to defer the Court's ruling. *See* Doc. 34 at 2; Doc. 34-2 at 4 (suggesting the "value" of claim construction for the term "aerial system"). Despite its motion for leave noting that Defendants' ***opening*** memorandum asserted "certain contentions and proposed claim constructions" (*see* Doc. 34, ¶2), which is false, Airspace's opposition never mentioned claim construction, much less responded to any purported constructions. And its proposed sur-reply does not propose any specific claim construction for "aerial system"—let alone one that would alter the Section 101 analysis. *See* Doc. 32. Because Airspace failed to propose a specific claim construction anywhere, Airspace has waived this argument. *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1360-61 (Fed. Cir. 2023) ("A patentee must do more than invoke a generic need for claim construction . . . to avoid grant of a motion to dismiss under § 101. Instead, the patentee must propose a specific claim construction . . . ."); *see also Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017) (affirming grant of motion to dismiss not preceded by claim construction where patentee "provided no proposed construction of any terms or proposed expert testimony that would change the § 101 analysis").

### IV. CONCLUSION

Airspace had the opportunity to make the arguments it now seeks to make in its opposition and chose not to. Airspace should not be permitted a re-do. Accordingly, granting Airspace leave to file a sur-reply is not warranted, and Airspace's motion should be denied.

| | |
|---|---|
| Dated: February 4, 2025 | Respectfully submitted, |

*/s/ Cailyn Reilly Knapp*
Cailyn Reilly Knapp (VA Bar No. 86007)
Thomas C. Martin (VA Bar No. 75159)
BAKER BOTTS L.L.P.
700 K Street N.W.
Washington, DC  200001
Tel: (202) 639-7753
Fax: (202) 585-4070
Email: cailyn.reilly.knapp@bakerbotts.com
Email: tommy.martin@bakerbotts.com

Kurt Pankratz (*pro hac vice*)
Texas Bar No. 24013291
Harrison Rich (*pro hac vice*)
Texas Bar No. 24083730
Emily Deer (*pro hac vice*)
Texas Bar No. 24116352
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX 75201
Tel: (214) 953-6500
Fax: (214) 953-6503
Email: kurt.pankratz@bakerbotts.com
Email: harrison.rich@bakerbotts.com
Email: emily.deer@bakerbotts.com

Pamela B. Petersen *(pro hac vice)*
Arizona Bar No. 011512
Jake MacKay *(pro hac vice)*
Alabama Bar No. 9600-P97I
Axon Enterprise, Inc.
17800 N. 85th Street
Scottsdale, AZ 85255
Tel: (623) 326-6016
Fax: (480) 991-0791
Email: ppetersen@axon.com
Email: jmackay@axon.com
Email: legal@axon.com (secondary)

***ATTORNEYS FOR DEFENDANTS AXON ENTERPRISE, INC. AND DEDRONE HOLDINGS, INC.***

5

**CERTIFICATE OF SERVICE**

I certify that on February 4, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which automatically sends a notification of electronic filing (NEF) to the following:

Craig C. Reilly (Va. Bar No. 20942)
THE OFFICE OF CRAIG C. REILLY, ESQ.
209 Madison Street, Suite 501
Alexandria, VA 22314
Tel.: (713) 549-5354
Fax: (713) 549-5355
Email: craig.reilly@ccreillylaw.com

Matthew D. Vella (*pro hac vice*)
Suhrid Wadekar (*pro hac vice*)
Nicholas W. Armington (*pro hac vice*)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: mvella@princelobel.com
Email: swadekar@princelobel.com
Email: narmington@princelobel.com

By: */s/ Cailyn Reilly Knapp*
Cailyn Reilly Knapp
Virginia Bar No. 86007
Baker Botts L.L.P.
700 K Street N.W.
Washington, DC 20001
Telephone: (202) 639-7753
Facsimile: (202) 585-4070
cailyn.reilly.knapp@bakerbotts.com