IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AIRSPACE SYSTEMS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:24-cv-01625 (CMH/LRV) |
| AXON ENTERPRISE, INC. and DEDRONE HOLDINGS, INC., | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

This matter is before the Court on Defendants' Motion to File Documents Under Seal (Dkt. No. 49) and Plaintiff's Motion to Seal (Dkt. No. 56) (the "Motions"). Upon consideration of the Motions, related briefing, and materials for sealing, the Court makes the following findings.

When presented with a request to seal judicial records or documents, the Court must comply with certain substantive and procedural requirements. Substantively, the Court "first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) (internal quotations and citations omitted). Procedurally, the Court must then weigh the appropriate competing interests by "(1) provid[ing] public notice of the request to seal and allow[ing] interested parties a reasonable opportunity to object, (2) consider[ing] less drastic alternatives to sealing the documents, and (3) provid[ing] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

1

Here, the common law standard governs the documents for sealing, and the Motions should be granted if the parties can show a countervailing interest that "heavily outweigh[s]" the public interest in access to the documents. *Va. Dep't of State Police*, 386 F.3d at 576 (internal quotations and citations omitted).

Turning to the first procedural requirement, the parties have provided public notice of their sealing requests and interested parties have been given a reasonable opportunity to object. (*See* Dkt. Nos. 52, 58.) Because over seven days have elapsed since the parties filed the Motions and public notices and no interested party has objected, the Court may treat the Motions as uncontested under Local Civil Rule 5(C). The Court finds that the parties have satisfied the notice requirement under *Ashcraft* and the Local Civil Rules.

Second, the Court has considered less drastic alternatives to sealing and finds that there are no alternatives to sealing the unredacted versions of Defendants' Reply in Support of Motion to Stay Pending *Inter Partes* Review (Dkt. No. 53) and Plaintiff's Sur-Reply In Opposition to Defendants' Motion to Stay (Dkt. No. 55) that would adequately protect the confidential information contained therein. The proposed redactions comprise a small portion of the documents overall, and the parties' "proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the documents], constitutes the least drastic method of shielding the information at issue." *Adams v. Object Innovation, Inc.*, 1:11cv272, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012); *see also United States ex rel. Carter v. Halliburton Co.*, 1:11cv602, 2011 WL 8204612, at *3 (E.D. Va. Nov. 29, 2011) (redactions of "certain portions of [the movant's] brief" would be a "less drastic remedy than sealing the brief *in toto*"). As to Exhibits B, C, and E to Defendants' Reply in Support of Motion to Stay Pending *Inter Partes* Review (Dkt. Nos. 53-1, 53-2, 53-3) and

Exhibit A to Plaintiff's Sur-Reply In Opposition to Defendants' Motion to Stay (Dkt. No. 55-1), the Court finds that there are no alternatives to sealing the materials in their entirety that would adequately protect the confidential information contained therein.

Third, the Court has reviewed the non-public versions of the materials for sealing and finds that the materials contain the parties' confidential and competitively sensitive business information. The Court further finds that the public's interest in accessing this information is outweighed by the potential harm that would be caused by public disclosure. *See Solomon v. Am. Web Loan, Inc.*, 4:17cv145, 2020 WL 13894410, at *2 (E.D. Va. Oct. 15, 2020) (granting motion to seal documents containing "confidential financial information" and "confidential contracts and commercial agreements involving both parties and nonparties to this action"); *NVR, Inc. v. Nelson*, No. 1:16cv1328, 2016 WL 11669370, at *1 (E.D. Va. Nov. 4, 2016) ("Sealing of confidential business information is appropriate so long as it has been maintained in confidence and has been 'acquired or compiled by a corporation in the course and conduct of its business . . . to which the corporation has the exclusive right and benefit.'") (quoting *Carpenter v. United States*, 484 U.S. 19, 26 (1987)).

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to File Documents Under Seal (Dkt. No. 49) and Plaintiff's Motion to Seal (Dkt. No. 56) are **GRANTED**. It is further

**ORDERED** that Dkt. Nos. 53, 53-1, 53-2, 53-3, 55, and 55-1 shall remain under seal until further order by the Court.[1]

**ENTERED** this 4th day of September, 2025.

Alexandria, Virginia

/s/ *LRV*
Lindsey Robinson Vaala
United States Magistrate Judge

---

[1] The Court cautions the parties that, should these same materials be attached to dispositive motions or used at trial, the public's right of access may outweigh any interest in keeping the materials under seal, and this Order should not be cited as a basis to support a sealing request in those contexts. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) ("Once the documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being raw fruits of discovery." (quotation omitted)).